PRIOR vs. MATTHEWS.

Although replications are filed to an answer to a bill in chancery, all the facts contained in the answer responsive to the bill, must be taken as true, unless disproved by competent proof.

APPEAL from Clinton.

LEONARD AND BAY, for Appellant.

Prior vs. Matthews.

POINTS AND AUTHORITIES.

The bill of complaint should have been dismissed for want of equity. A court of equity has no power to decree the sale of a chattel, and the distribution of the proceeds among the owners thereof. Gudgell & Austin vs. Mead and others, 8 Mo. R. 53.

2. The court had no power to confirm the sale, because the sale so far as related to the rights of the plaintiff, was void.

3. The grounds of the complainant's title—the survivorship of his child, is denied by the answers of all the defendants, consequently the decree was rendered in favor of the complainant without any proof whatever of the truth of the pretended survivorship of his child.

4. But admitting the survivorship of the child, the complainant could not acquire any right to the property except by administration on the estate of the child. Croslin vs. Baker, 8 Mo. R. 437.

Scott, J. delivered the opinion of the court.

This was a bill in chancery filed by Matthews, the appellee, against Prior and others, heirs and distributees of Katharine Newly, formerly Katharine Potts. The father of Katharine Potts, gave her a female slave to hold during her life, and after her death to her children. The slave was delivered to Katharine, and continued in her possession until she died. Katharine left four daughters, who intermarried with those now made parties to this suit. Matthews, the appellee, married Nancy, one of the daughters, who it is alleged died after her mother, leaving issue an infant child, which child departed this life, after the death of its mother, leaving no brothers nor sisters. The appellee claims as the heir of his child. It does not appear that the appellee ever had possession of the slave. The slave was claimed by the other children, and being sold, this bill was filed to recover one-fourth of her value.

The only material fact charged in the bill which is denied by the answers, is, that the child of Matthews, the appellee, survived its mother. The respondents all deny this, and there is no proof in support of the allegation. Objections were made to the bill, among which was, that it did not contain any equity. They were overruled and a decree was entered in favor of Matthews, for one-fourth of the value of the slave.

Although replications have been filed to the answers, the facts contained in them responsive to the bill, must be taken to be true, unless

contradicted by sufficient proof. It must then be assumed as true, that the appellee's wife survived her child; if so, then there can be no pretension that he is the heir of that child. He then can only claim as husband. Now, if the slave was reduced to actual possession by Matthews, before the death of his wife, then he was tenant in common with the other heirs; and if they or any of them have disposed of the entire chattel, he has a clear remedy at law. How that matter was, does not apper from the allegations and proofs in the cause. From his claiming as the heir of his child, we might be led to the conclusion, that there never was an actual possession by Matthews, in which event he would have no claim to the slave as husband. Perdur vs. Jackson ; 1 Russ. Ch. Rep. 1.

The other Judges concurring, the decree will be reversed and the bill dismissed.